GERALD R. PRICE,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE,
*Respondent on Review.*

(CA A35686; SC S32344)

723 P2d 314

Lawrence J. Hall, Attorney, Public Defender's office, Salem, argued the cause for petitioner on review. On the briefs was Gary D. Babcock, Public Defender.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Arlen P. Smith, Jack Duncan, David E. Powell and

Michael Lissy, Oregon State Penitentiary, Salem, filed a brief *amicus curiae.*

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson, and Jones, Justices, and Gillette, Justice Pro Tempore.

LENT, J.

**LENT, J.**

The issue in this case is whether the Court of Appeals has authority to reverse or remand, for a claimed "abuse of discretion," a final order of the Board of Parole (Board) setting a prisoner's parole date. We hold that the relevant statutes do not give the court that authority.

In May 1984 the petitioner and his son agreed to murder the petitioner's wife and solicited one Cothran to carry out the crime by putting arsenic in the coffee maker at the wife's place of employment. Cothran told the police, who intervened and arrested the petitioner.

The petitioner was convicted of solicitation and conspiracy to commit murder. The trial judge merged the two convictions, sentenced the petitioner to a twenty-year prison term, and ordered that the petitioner serve an eight-year minimum pursuant to ORS 144.110(1). Within six months of the petitioner's incarceration, the Board held a prison term hearing, ORS 144.120(1), to determine the petitioner's parole release date. The Board set his criminal history/risk assessment at five, his offense severity rating at six, and the guideline matrix range at 60-80 months;[1] however, the Board declined to overturn the 96-month minimum set by the trial judge.[2]

The petitioner, under ORS 144.335, petitioned the Court of Appeals for judicial review, claiming that the Board action was an "abuse of discretion." That court "[a]ffirmed from the bench."

Because we hold that the Court of Appeals does not have authority to reverse or remand final orders of the Board based on a claim that the Board "abused its discretion," we affirm the decision of the Court of Appeals.

The legislature gave the Board the authority and the

---

[1] At the time of petitioner's hearing, criminal history/risk assessment, offense severity rating and guideline matrix were provided for, respectively, in OAR 255-35-015 (*amended by* 2PB 9-1985, effective May 31, 1985), OAR 255-35-010(2)(b) (*amended by* 2PB 9-1985, effective May 31, 1985), and *former* OAR 255-35-012(1) (*repealed by* 2PB 9-1985, effective May 31, 1985).

[2] ORS 144.110(2)(a) permits four members of the five-member Board to override the minimum sentence set by a trial judge.

responsibility to determine a prisoner's initial date of release on parole. ORS 144.120(1). The legislature ordered the Advisory Commission on Prison Terms and Parole Standards to propose, and the Board to adopt, rules "establishing ranges of duration of imprisonment to be served for felony offenses prior to release on parole," ORS 144.780(1), giving "primary weight to the seriousness of the prisoner's present offense and criminal history." ORS 144.780(3). The Board has adopted OAR 255-35-005 to OAR 255-35-040 to fulfill this directive.

At the time of the hearing the offense severity rating was defined as the "classification given to a prisoner's commitment offense according to the seriousness of the crime * * *. A rating of seven is most serious; a rating of one is least serious." OAR 255-35-005(1) (*amended by* 2PB 9-1985, effective May 31, 1985).[3] The history/risk score is a "rating, from a high of 11 to a low of zero points * * * [which] emphasizes both the seriousness of the prior record and factors reflecting likelihood of success on parole." OAR 255-35-005(2) (*amended by* 2PB 9-1985, effective May 31, 1985). A high history/risk score correlates to a shorter period of incarceration. Finally, the guideline "[r]anges of months to be served as a prison term before parole release," OAR 255-35-005(3), were determined by "the intersection of the appropriate offense severity rating and history/risk score," OAR 255-35-005(4) (*amended by* 2PB 9-1985, effective May 31, 1985), referred to as the guideline matrix. It was under those rules that the Board set the petitioner's offense severity rating at six, his history/risk score at five, and the guideline matrix at 60-80 months. The petitioner contends the Board abused its discretion by declining to overturn his minimum sentence which exceeded his guideline matrix.

■    The Court of Appeals' authority to reverse or remand orders of the Board is derived from ORS 144.335, which provides in relevant part:

"(1)   When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order

---

[3] The present rules refer to a "crime severity rating," defined as "[t]he classification given to a prisoner's commitment crime according to its seriousness." OAR 255-35-005(1). The 1985 amendments to OAR 255-35-005(2) and (4) were also minor changes in language which do not appear to materially alter the operation of the matrix system.

of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order.

"* * * * *

"(3)  *The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8). * * *"* (Emphasis added.)

While subsection (1) confers jurisdiction for judicial review of final orders of the Board, subsection (3) limits the appellate court's scope of authority. In other words, the Court of Appeals' authority to reverse or remand orders of the Board is only as comprehensive as provided in ORS 183.482(8), which stated at the time:

"(a)  The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)  Set aside or modify the order; or

"(B)  Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)  The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)  Outside the range of discretion delegated to the agency by law;

"(B)  Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)  Otherwise in violation of a constitutional or statutory provision.

"(c)  The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."[4]

A petitioner must make a claim that will bring him within the terms of ORS 183.482(8) for the Court of Appeals to have authority to reverse or remand a Board order. If a

---

[4] ORS 183.482(8) was amended by Oregon Laws 1985, chapter 757, section 2; however, the amended form would not change the analysis or the result in this case.

petitioner phrases his claim of error as an "abuse of discretion," but in substance makes a claim cognizable under ORS 183.482(8), the court may have the authority to reverse or remand the Board's order. *See Price v. Board of Parole,* 300 Or 283, 709 P2d 1075 (1985). There the petitioner supported his claim of an abuse of discretion by showing that the Board had violated its own administrative rules in setting his offense severity rating, *see* ORS 183.482(8)(b)(B); this court allowed review only to "decide whether the Board violated its own rules * * *." 300 Or at 285.

■     According to the petitioner, the phrase "abuse of discretion" is simply a shorthand method of stating that the Board exercised its discretion in one or more of the ways proscribed by ORS 183.482(8). In light of the legislature's clear intent to limit the court's scope of review to that defined in ORS 183.482(8), we decline to accept this loosely-termed phrase as properly setting forth a basis for reversal or remand. Even so, *Price v. Board of Parole, supra,* teaches that the court should examine the substance of the arguments advanced under the claim to see if they set forth a cognizable reason to reverse or remand. Thus, we examine the petitioner's claim in accordance with ORS 183.482(8).

The petitioner does not claim, nor do we perceive, that the Board erroneously interpreted a provision of law, ORS 183.482(8)(a), or that the order was not supported by substantial evidence in the record, ORS 183.482(8)(c), and we therefore limit our discussion to whether the petitioner has stated a claim sufficient to invoke the court's authority under ORS 183.482(8)(b).

First, the petitioner does not make a cognizable claim under ORS 183.482(8)(b)(A). The Board's unanimous decision not to override the petitioner's minimum sentence was within the "range of discretion" delegated to the Board by law, for the legislature has determined that *"the board shall not release a prisoner on parole * * * until the minimum term has been served,* except upon affirmative vote of at least four members of the board." (Emphasis added.) ORS 144.110(2)(a). The legislature has directed the Board in this context either to leave the minimum sentence intact or overrule it by a four-fifths vote, and therefore the Board's decision not to override the petitioner's minimum sentence

was specifically within the "range of discretion" delegated to the Board by ORS 144.110(2)(a).

Second, the petitioner acknowledges that the Board's determination of his guideline matrix was not "[i]nconsistent with an agency rule, an officially stated agency position, or a prior agency practice * * *." ORS 183.482(8)(b)(B). Actually, the petitioner does not claim that the Board violated an agency rule, official position, or a prior practice by letting the minimum sentence stand, but seems to argue that whenever the minimum sentence exceeds the guideline matrix the Board has no discretion not to overrule the minimum. As previously discussed, this is not the law. *See* ORS 144.110(2)(a).

Last, the petitioner points to no constitutional or statutory provision that was violated by the Board's decision, ORS 183.482(8)(b)(C);[5] therefore, we find the petitioner's claim to be without merit.

We conclude by repeating that neither this court nor the Court of Appeals has authority to reverse or remand an order of the Board based upon an alleged "abuse of discretion" by the Board in setting a prisoner's parole date, unless the petitioner shows that the Board has exercised its discretion in a manner prohibited by ORS 183.482(8).

The decision of the Court of Appeals is affirmed.

---

[5] Amicus curiae argues that the Board violated ORS 144.135 which provides that "[t]he board *shall state* in writing the detailed basis of its decisions under ORS 144.110 to 144.125" (emphasis added) by failing to include a detailed written basis for sustaining the petitioner's minimum sentence pursuant to ORS 144.110(2)(a). We do not decide this issue because the petitioner failed to raise it in the Court of Appeals.