Argued and submitted January 30, affirmed August 5, 1986

CAROL EVENSIZER,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE,
*Respondent on Review.*

(CA A34692; SC S32345)

723 P2d 318

Lawrence J. Hall, Attorney, Public Defender's office, Salem, argued the cause for petitioner on review. On the briefs was Gary D. Babcock, Public Defender.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Arlen P. Smith, Jack Duncan, David E. Powell and Michael Lissy, Oregon State Penitentiary, Salem, filed a brief *amicus curiae.*

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices, and Gillette, Justice Pro Tempore.

LENT, J.

**LENT, J.**

Like the petitioners in *Price v. Board of Parole,* 301 Or 393, 723 P2d 314 (1986), and *Martz v. Board of Parole,* 301 Or 400, 723 P2d 317 (1986), this petitioner argues that the Board of Parole (Board) abused its discretion in setting her initial date of release on parole. Unlike *Price* and *Martz,* however, in which the Board refused to override the minimum sentences, the Board in this case overrode the petitioner's minimum sentence but set her parole release date beyond her guideline matrix.

The petitioner was convicted on four forgery charges, one charge of fraudulent use of a credit card and one charge of ex-convict in possession of a firearm, for which the petitioner was sentenced to five-year terms of imprisonment, with a two and one-half year minimum. The Board set her criminal history/risk assessment at four, her offense severity rating at two, her guideline matrix at 10 to 14 months, overrode the minimum sentence, ORS 144.110(2)(a), *former* OAR 255-35-020(2) (replaced by OAR 255-35-023, 2PB 9-1985, effective May 31, 1985), and set her parole date at 24 months. The petitioner claims that the Board abused its discretion in setting her parole release date beyond her guideline matrix.

The question presented is whether the same statutes and rules which we interpret today in *Price* limit the Board's discretion to set a prisoner's release date beyond the guideline matrix range once the Board overrides the minimum sentence. ORS 144.110(2)(a) authorizes the Board "upon affirmative vote of at least four members" to release a prisoner on parole prior to the minimum sentence being served. ORS 144.785(1) required the Board to "adopt rules regulating variations from the ranges, to be applied when aggravating or mitigating circumstances exist," provided that "[i]n no event shall the duration of actual imprisonment under the ranges or variations from the ranges exceed the maximum term of imprisonment fixed for an offense * * *." ORS 144.785(3). Accordingly, the Board adopted *former* OAR 255-35-020(2)(d) which provided that after overriding the minimum by affirmative vote of at least four members, the Board could "establish a release date at any point up to the previously imposed minimum sentence."

The Board's decision to set the petitioner's parole

release date at 24 months instead of her guideline matrix was within the "range of discretion" delegated to the Board by law. ORS 183.482(8)(b)(A). The Board, by affirmative vote of five members, overrode the petitioner's minimum sentence, ORS 144.110(2)(a), and set her release date at 24 months, within the previously imposed minimum sentence of 30 months, *former* OAR 255-35-020(2)(d), and did not exceed the maximum term of imprisonment for the offense (five years), ORS 144.785(3). The petitioner does not demonstrate that the Board erroneously interpreted a provision of law, ORS 183.482(8)(a), acted inconsistently with an agency rule, ORS 183.482(8)(b)(B), violated a statutory or constitutional provision, ORS 183.482(8)(b)(C), or made an order unsupported by substantial evidence in the record, ORS 183.482(8)(c). Therefore, we hold the petitioner's claim of an abuse of discretion to be insufficient to invoke the court's authority to reverse or remand under ORS 183.482(8).

The decision of the Court of Appeals is affirmed.