Argued and submitted September 23, reversed and remanded November 23, 1988,
reconsideration allowed by opinion April 26, 1989
See 96 Or App 223 (1989)

In the Matter of the Compensation of
Felix A. Mershon, Claimant.

MERSHON,
*Petitioner,*

*v.*

OREGONIAN PUBLISHING et al,
*Respondents.*

(85-11970; CA A42850)

764 P2d 608

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Christopher G. Cournoyer, and Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents. On the brief were Allan M. Muir, Christopher B. Rounds, Delbert J. Brenneman, and Schwabe, Williamson and Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's dismissal of his claim for failure to comply with a prehearing order requiring discovery.

Claimant sought a hearing on employer's denial of the claim. Before the hearing, employer sought a private meeting with claimant's physician. Claimant instructed his physician to refuse to meet with employer unless claimant's attorney was also present. The referee, relying on a Board opinion, held that employer was entitled to "full, complete and private access" to claimant's physician. The referee issued orders to that effect on December 31, 1985, February 19, 1986, and March 31, 1986. Claimant refused to comply. Finally, on May 28, 1986, the referee dismissed the claim for "want of prosecution," and the Board affirmed without opinion.

■ The first question is whether the referee had authority to dismiss the claim. OAR 438-06-085, the administrative rule on which the referee relied, provides:

> "A request for hearing may be dismissed for want of prosecution where the party requesting the hearing occasions a delay of more than ninety (90) days without good cause. Prior to dismissal an order may be entered allowing a specific time within which the party requesting the hearing will have the opportunity to show cause why the case should not be dismissed. The filing of an application for a hearing date without explanation for the prior delay does not constitute a showing of good cause."

The referee apparently concluded that the "delay" occasioned by claimant's continued refusal to comply with the order allowing discovery justified dismissal. As we understand the rule, however, it is intended to apply to delays occasioned by a party's refusal to allow a case to come to hearing. It is not a sanction for a failure to comply with discovery. See OAR 438-07-015(3);[1] OAR 438-07-005(5), (6) and (8).[2] The referee

---

[1] OAR 438-07-015(3) provides:

"Upon written demand by the insurer, the claimant shall within fifteen (15) days of the mailing of said demand, furnish to the insurer, without cost, copies of all medical and vocational reports and other documents pertaining to the claim

dismissed this matter even before the originally scheduled hearing date. Claimant had not requested a postponement or otherwise insisted on a delay of the hearing date. The claim should not have been dismissed for want of prosecution.

■　　　We address the merits of the petition, because the question will arise again on remand. Employer asserts that, by virtue of OAR 436-10-030, it is entitled to full and unrestricted access to claimant's physician for the purpose of discovery. That rule provides, in part:

> "The act of the worker in applying for workers' compensation benefits constitutes authorization for any physician, hospital, or other medical vendor to supply relevant information regarding the worker's occupational injury or illness to the insurer, the worker's employer, the worker's representative, or the department. Medical information relevant to a claim includes a past history of complaints of, or treatment of, a condition similar to that presented in the claim. No person who reports to these persons in accordance with department rules shall bear any legal liability for disclosure of such (ORS 656.252). The physician may require evidence from the representative of his or her representative capacity. The authorization is valid for the duration of the work-related injury or illness."

which are then or come to be in the possession of the claimant and which the insurer would not reasonably be expected to receive through claims processing, except that evidence offered solely for impeachment need not be so disclosed. Failure to comply with this section may be considered grounds for postponement of the hearing or dismissal of the request for hearing."

[2] OAR 438-07-005 provides, in part:

"(5) The insurer may subpena the claimant's doctor or vocational expert for cross-examination. Medical, surgical, hospital or vocational reports offered by the insurer will also be accepted as prima facie evidence provided the insurer agrees to produce the doctor or vocational expert for cross-examination upon request of the claimant. *The reports of any doctor, medical or vocational expert who has refused to make herself or himself available for cross-examination shall be excluded from the record unless good cause is shown to receive such evidence.* The cost of cross-examination of any doctor or vocational expert under this section shall be paid by the insurer.

"(6) To avoid unnecessary cost and delay, the board encourages the use of written interrogatories or depositions, or other discovery devices, to secure evidence.

"* * * * *

"(8) *The referee may decline to receive in evidence either at or subsequent to the hearing, any medical or vocational report offered by a party who has refused to make the report available to the referee or other parties, or to permit examination thereof as required by the rule or the referee.*" (Emphasis supplied.)

The rule implements the requirements of ORS 656.252 regarding the filing of reports by attending and consulting physicians. It is not a discovery provision through which employer could obtain the information it seeks. Although there is no doubt that the rule *authorizes* physicians to release information relevant to the claim, and protects them if they do so in accordance with the department's rules, the rule does not itself *require* the disclosure of information or indicate how that information must be disclosed.

■     The Board has provided for discovery elsewhere in its rules. OAR 438-06-055;[3] OAR 438-07-005(5) and (6); OAR 438-07-015(3). It expressly encourages the use of conventional discovery tools, including depositions and interrogatories, and provides for sanctions against a party who refuses to make medical reports available. OAR 438-07-005(6) and (8); OAR 438-07-015(3). Employer was entitled to seek the information it wants through those provisions, but it apparently chose not to do so. In view of the availability of conventional methods of discovery, the referee should not have ordered that claimant make his physician available for a private conference and should not have dismissed the request for hearing when claimant refused to comply. Claimant's motion to remand for further evidence taking is moot.

Reversed and remanded.

---

[3] OAR 438-06-055 provides:

"Depositions are permitted by agreement of the parties, or by approval of a referee subject to the provisions of ORS 656.285."