On respondents' petition for reconsideration filed February 1, reconsideration allowed; former opinion (94 Or App 127, 764 P2d 608) withdrawn; affirmed April 26, reconsideration denied July 14, petition for review denied August 29, 1989 (308 Or 315)

In the Matter of the Compensation of
Felix A. Mershon, Claimant.

MERSHON,
*Petitioner,*

*v.*

OREGONIAN PUBLISHING et al,
*Respondents.*

(WCB 85-11970; CA A42850)

772 P2d 440

Janet M. Schroer, Delbert J. Brenneman and Schwabe, Williamson & Wyatt, Portland, for petition.

Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, for response.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Employer has filed a petition for reconsideration of our opinion in this case, 94 Or App 127, 764 P2d 608 (1988), in which we reversed the Workers' Compensation Board's decision affirming the referee's dismissal of the claim for failure to comply with a prehearing order requiring discovery. Because we believe that the petition is well taken, we allow reconsideration, ORAP 10.10, withdraw our former opinion and affirm the Board.

The facts are set out in our former opinion. Employer contends that we erred in failing to give proper deference to the Board's interpretation of OAR 438-06-085, which provides:

> "A request for hearing may be dismissed for want of prosecution where the party requesting the hearing occasions a delay of more than ninety (90) days without good cause. Prior to dismissal an order may be entered allowing a specific time within which the party requesting the hearing will have the opportunity to show cause why the case should not be dismissed. The filing of an application for a hearing date without explanation for the prior delay does not constitute a showing of good cause."

The referee concluded that claimant's continued refusal, over a period in excess of 90 days, to comply with three orders directing him to allow employer free access to claimant's doctor was a delay justifying dismissal under the rule. When claimant failed to respond after the referee gave him 10 days within which to do so, the referee dismissed the claim. The Board affirmed. It interprets the rule to provide that a prehearing delay in discovery occasioned by a claimant's failure to comply with an order allowing discovery is a ground for dismissal for want of prosecution.

We review the Board's decision to determine whether its interpretation is inconsistent with an agency rule, an officially stated agency position or a prior agency practice. *See* ORS 656.298(6); ORS 183.482(8)(a). If it is, we would remand the order to the Board. If it is not, we would affirm. The question to be resolved is a legal one for the court. The Board's interpretation is entitled to "some deference," however, *see Branscomb v. LCDC,* 297 Or 142, 145, 681 P2d 124 (1984), especially in light of the fact that the legislature has given to

the Board a broad mandate to promulgate rules for the performance of its duties, including the power to prescribe procedural rules for the conduct of hearings. ORS 656.727(4); *see 1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 390, 752 P2d 271 (1988).

In our former opinion, we substituted our interpretation for that of the Board and held that OAR 438-06-085 "is not a sanction for a failure to comply with discovery" and that the claim should not have been dismissed under that rule for want of prosecution. On reconsideration, we agree with employer that the Board's contrary interpretation is consistent with the wording of the rule and the purpose of the relevant statutes, *see, e.g.,* ORS 656.012; ORS 656.283(7); *see also Price v. Board of Parole,* 300 Or 283, 289, 709 P2d 1075 (1985), and we therefore accept that interpretation.

The Board also held that employer's access to medical information held by claimant's physician should be unrestricted and that claimant had improperly interfered with that access, thereby justifying dismissal of the claim. The Board relied on its opinion in *Alan W. Hayes,* 37 Van Natta 1179 (1985), where it explained its rationale for holding that an employer should have unrestricted *ex parte* access to the claimant's physician. In that opinion, it reasoned that, by filing a claim, the claimant waives any physician-patient privilege. It further held:

"We find nothing in the statutes or rules requiring an insurer to give claimant prior notice of its intent to contact his or her physician. Further, we find that such a requirement is inconsistent with our stated policy of full, fair and expeditious disclosure of information between the parties. It is also inconsistent with the legislature's intent to create a compensation system that reduces litigation and minimizes the adversarial process." 37 Van Natta at 1182.

Again, we substituted our interpretation for that of the Board, basing our decision, in part, on OAR 436-10-030:

"The act of the worker in applying for workers' compensation benefits constitutes authorization for any physician, hospital, or other medical vendor to supply relevant information regarding the worker's occupational injury or illness to the insurer, the worker's employer, the worker's representative, or the department. Medical information relevant to a claim includes a past history of complaints of, or treatment of, a

condition similar to that presented in the claim. No person who reports to these persons in accordance with department rules shall bear any legal liability for disclosure of such (ORS 656.252). The physician may require evidence from the representative of his or her representative capacity. The authorization is valid for the duration of the work-related injury or illness."

We held:

"Although there is no doubt that the rule *authorizes* physicians to release information relevant to the claim, and protects them if they do so in accordance with the department's rules, the rule does not itself *require* the disclosure of information or indicate how that information must be disclosed." 94 Or App at 131. (Emphasis in original.)

We held, further, that, in view of the availability of conventional methods of discovery in workers' compensation cases, those methods should be used in the event that a claimant refuses to make medical reports and information available.

We now conclude that we did not accord a proper degree of deference to the Board's interpretation of its own rule. The Board's view that OAR 436-10-630 constitutes an authorization by a claimant for the release of medical information relevant to the claim and that that information should be available without the formality of conventional discovery is consistent with the wording of the rule and the policy expressed in the statutes and rules favoring full and expeditious disclosure of information. *See* ORS 656.012; ORS 656.252(1)(d). The rule does not say, and the Board did not hold, that the doctor is *required* to talk to the employer or insurer. We conclude that the Board's interpretation is a proper one.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.

**ROSSMAN, J.,** dissenting.

I would deny the petition for the reasons I expressed in our former majority opinion. Accordingly, I dissent.