Argued and submitted February 7, the decision of the Court of Appeals reversed, the order of the Board of Parole establishing parole release date reversed and case remanded to the Board for further consideration March 20, 1990

ANTONIO CALDERON-PACHECO,
*Petitioner on Review,*

*v.*

STATE BOARD OF PAROLE,
*Respondent on Review.*

(CA A48088; SC S36346)

788 P2d 1001

Gary D. Babcock, Public Defender's Office, Salem, argued the cause and filed the petition for petitioner on review. With

him on the petition was Sally L. Avera, Acting Public Defender, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

FADELEY, J.

## FADELEY, J.

In this administrative law case, we are to decide whether the Board of Parole improperly refused to consider a prisoner's evidence of mitigating factors in setting an initial parole release date. At the hearing to consider the release date, the Board refused to admit or consider evidence that petitioner was a hard-working person who would be employable outside the walls of the corrections institution. The Board rejected the evidence on the basis that it was not "directly related to the circumstances surrounding the crime." The Court of Appeals affirmed from the bench. *Calderon-Pacheco v. Board of Parole*, 93 Or App 778, 764 P2d 237 (1988). Because the refusal to admit the evidence was inconsistent with Board rules, we reverse and remand. ORS 183.482(8)(b)(B).

A jury found petitioner guilty of the crimes of sexual abuse and attempted rape involving a single victim. The trial court sentenced petitioner as follows: for the attempted rape conviction, to a ten-year term of imprisonment with a 60-month minimum and, for the sexual abuse conviction, to a five-year term of imprisonment with a 30-month minimum, to run concurrently with the attempted rape sentence.

After petitioner was incarcerated a number of months, the Board conducted a hearing pursuant to ORS 144.120 to decide petitioner's parole release date. The Board heard and considered some evidence of aggravation. One item in aggravation received by the Board was that petitioner had a substance abuse problem. The crimes for which he was convicted were not claimed to be related to this problem. However, the problem was deemed to have an impact on his potential for success under parole supervision.

When petitioner appeared before the Board he offered letters and an affidavit, each printed in English. The documents indicated, among other things, that petitioner was a hard worker, that he was trustworthy in a work setting, and that a job was available for him in the future at a nursery. The Board's proceedings were partially conducted in Spanish, but only the portions of the proceedings spoken in English were reported in the transcript of the hearing. One Board member acted as an interpreter and told the other Board members, for the record, that:

"Under item O, mitigation also has been offered as it relates to support letters from the community. I've indicated to him that it is not directly related to the circumstances surrounding the crime. It is not a mitigating factor. So, I have rejected that on the record."

The Board refused to give any consideration whatsoever to the letters submitted in support of petitioner's character as a worker or to the affidavit stating that a job was available. After the hearing the Board voted unanimously to override the 30-month minimum but to "concur" in the 60-month minimum.

On a petition for judicial review of an agency order, our scope of review is established by statute. We review Board of Parole orders under ORS 183.482(8),[1] which in pertinent part provides:

"(b)  The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)  Outside the range of discretion delegated to the agency by law;

"(B)  *Inconsistent with an agency rule,* an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)  Otherwise in violation of a constitutional or statutory provision." (Emphasis added.)

In determining an initial parole release date, the rules of the Board list a number of potential mitigating factors and also provide for consideration of "other" mitigating factors. *See* OAR 255-35-035. The rules do not limit the factors to be considered to those "directly related to the circumstances surrounding the crime."

Board rules call for consideration of items in aggravation and in mitigation when the Board establishes a release date. Under OAR 255-35-035, an inmate's time in prison may vary from guideline ranges if the Board finds "that there is aggravation or mitigation which justifies departure from the range." Not all the factors of aggravation and mitigation listed in the Board rules are "directly related" to the offense or to

---

[1] ORS 183.315(1) exempts the Board of Parole from various requirements in ORS Chapter 183 but not from ORS 183.482(8).

the circumstances surrounding the crime. Among the 15 mitigating factors listed in an exhibit that accompanies the Board's rules is an item designated as "O" and simply defined to mean "Other." Exhibit E-2 to OAR 255-35-035.[2]

The Board's consideration of aggravating and mitigating factors arises under a rule required by ORS 144.785(1), which provides that "the board shall adopt rules regulating variations from the ranges, to be applied when aggravating or mitigating circumstances exist. The rules shall define types of circumstances as aggravating or mitigating." A related statute, ORS 144.780(1), provides that the Board "shall adopt rules establishing ranges of duration of imprisonment to be served for felony offenses prior to release on parole." The ranges, pursuant to ORS 144.780(3), "shall give primary weight to the seriousness of the prisoner's present offense and criminal history."

A requirement that sentencing ranges accord primary weight to the gravity of present criminal circumstances is not a mandate to exclude other considerations. Indeed, at least some aspects of criminal history within the meaning of ORS 144.780(3) are not directly related to whatever crime brings a prisoner before the Board. Thus, ORS 144.780 provides no legal basis for completely excluding an item offered in mitigation on the ground that it is not directly related to the circumstances surrounding the present crime. Neither do the rules adopted pursuant to ORS 144.785 contain such a basis. Consequently, exclusion of the mitigating evidence offered was not consistent with the Board's rules.

In light of its decision to "concur" in the 60-month minimum, the Board argues that we should not reach the question of whether the Board violated its rules by excluding mitigating evidence. This argument is based on the theory that only if the Board overrides a minimum sentence must it consider mitigating evidence, even where a hearing to consider aggravating and mitigating evidence precedes a decision whether to override. In other words, it is claimed that the

---

[2] For the complete lists of aggravating and mitigating factors, see *Anderson v. Board of Parole*, 303 Or 618, 630-31, 740 P2d 760 (1987). Under "aggravation," the Board interprets "other" to extend beyond the circumstances directly related to the current crime, an interpretation upheld by the Court of Appeals. *See, e.g., Hein v. Board of Parole*, 56 Or App 293, 298, 641 P2d 642 (1982).

mitigating evidence was not "material" because the Board did not vote to override one of the minimum sentences imposed.

In support of this argument, the Board cites *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987), *Evensizer v. Board of Parole,* 301 Or 403, 723 P2d 318 (1986), and *Price v. Board of Parole,* 301 Or 393, 723 P2d 314 (1986). These decisions are not apposite. In *Price,* this court merely held that an appellate court does not have the statutory authority, based on a claimed "abuse of discretion," to reverse or remand a final Board order setting a prisoner's parole date, unless it is shown that the Board exercised discretion in a manner contrary to ORS 183.482(8). 301 Or at 399. In *Evensizer,* this court held "the petitioner's claim of an abuse of discretion to be insufficient to invoke the court's authority to reverse or remand under ORS 183.482(8)." 301 Or at 406. In both *Price* and *Evensizer,* this court assumed that prisoners are free to appeal Board orders and demonstrate violations of ORS 183.482(8).

In *Anderson,* this court said nothing to question this assumption that a Board order establishing a parole release date was subject to appeal if the appellant demonstrated that the agency violated a provision of ORS 183.482(8). The *Anderson* court was concerned with the degree of specificity required by ORS 144.135, which states: "The board shall state in writing the detailed bases for its decisions." *See* 303 Or at 620-26.

*Anderson* holds that reasons why individual Board members decline to vote to override a minimum sentence, under the statute that requires the affirmative vote of at least four Board members to override a minimum, need not be stated in the Board's orders. *Id.* at 626. Recording that there were not enough votes to override was deemed a sufficient statement of the bases for the negative decision. *Anderson* does not hold or imply that the Board may refuse to consider mitigating evidence admissible under the Board's rules.

The Board conducted the hearing to set the initial parole release date, received evidence in aggravation against petitioner on the question of what that date would be, and excluded the proffered mitigation evidence. The hearing occurred before the Board took up, considered, or voted upon the issue of the two judicial minimum sentences. The Board

then voted to "concur" in the longer of the two sentences. The Board did not concur in the other minimum but unanimously overrode it. Both of these actions came after the hearing which received evidence bearing on the initial release date issue. Both actions came after the Board admittedly received "aggravation" evidence not directly related to the current crimes. Thus, the Board treated aggravating and mitigating evidence as material to the override decision. The Board's choice of the verb "concur" to denominate the action it took following the evidentiary hearing also implies that the Board made an independent decision based on evidence rather than simply acquiescing in the minimum sentence. So does the fact that it overrode one of two minimum sentences. Moreover, the record discloses that an OAR 255-35-013 hearing was held. That Board rule requires that "the Board shall make findings of fact regarding a prisoner's * * * (d) Aggravation/mitigation (**Exhibit E**) * * * then * * * establish an initial parole release date." The Board did just that but excluded mitigation evidence in a manner inconsistent with Exhibit E.

Petitioner is correct in his assertion on judicial review. Board rules concerning admissible evidence were not followed during the hearing held by the Board. His evidence in mitigation was improperly excluded from consideration at the time it was relevant and could have affected the outcome. We hold that the Board erred when it refused to receive and evaluate the proffered evidence. Under ORS 183.482(8)(b)(B), the refusal was inconsistent with Board rules.

The decision of the Court of Appeals is reversed. The March 9, 1988, order of the Board of Parole establishing the parole release date for defendant is reversed, and the case is remanded to the Board for further consideration consistent with this opinion.