Argued and submitted November 28, 1990, affirmed May 15, 1991

In the Matter of the Compensation of
Richard F. Taylor, Claimant.

Richard F. TAYLOR,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Multnomah County School District,
*Respondents.*

(WCB 88-03008, WCB 88-03007; CA A64275)

810 P2d 1326

James L. Edmunson, Eugene, argued the cause and filed the brief for petitioner.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that reversed a referee's order that Liberty Northwest Insurance Corporation (Liberty) pay a penalty and attorney fees. We affirm.

Claimant injured his lower back in December, 1978, while working for an employer insured by SAIF. He had surgery and received a permanent disability award. In 1985, he reinjured his back while working for Multnomah County School District, insured by Liberty. Liberty accepted the claim, which was closed by a determination order in March, 1986. Claimant then returned to work and continued working until February, 1987, when he left because of increased pain. Liberty denied claimant's request to reopen his claim as an aggravation, and SAIF also denied responsibility. Claimant requested a hearing on both denials; the requests were consolidated and heard on October 6, 1987.

The referee held Liberty responsible for claimant's condition after February, 1987, and absolved SAIF of responsibility. The referee did not send a copy of the order to SAIF. Liberty requested reconsideration of the order and pointed out that a copy had not been sent to SAIF. The referee then issued an Order of Abatement. Again, a copy was not sent to SAIF. On January 28, 1988, the referee issued an Order on Reconsideration that republished the original order. A copy of the republished order was not sent to SAIF.

Liberty appealed the republished order to the Board. On April, 25, 1988, the Board dismissed the request for review, because the referee's January 28 order on reconsideration had not been mailed to all parties and therefore was not reviewable as a final order. The Board remanded the case to a different referee. On June 8, 1988, the second referee republished the January 28, 1988, order and mailed it to all of the parties.

Claimant then requested a hearing, asserting that Liberty had unreasonably delayed payment of compensation and had not timely provided requested claims data, in violation of *former* OAR 438-07-015. The referee found that Liberty had failed to provide the requested information timely and that it had unreasonably delayed paying claimant

temporary total disability (TTD) until February 19, 1988, 22 days after the January 28 order. *Former* OAR 436-60-150(3) provided, in part:

> "Timely payment of temporary disability benefits means payment has been made no later than the 14th day after:
>
> "* * * * *
>
> "(e) The date of any determination or litigation order which orders payment of temporary disability * * *."[1]

The referee directed Liberty to pay penalties and attorney fees on both grounds. Liberty appealed, and the Board reversed, holding that, because the January 28 order had not been served on SAIF, it was not sufficient to require Liberty to begin paying TTD.

Claimant contends that the Board erred in its interpretation of *former* OAR 436-60-150(3)(e). He argues that, once Liberty had received notice of its responsibility, it was obligated to begin payment within 14 days and that the fact that SAIF did not receive a copy of the January 28 order in no way affected Liberty's obligation.[2]

■■    We will reverse the Board's decision only if its interpretation of "litigation order" is inconsistent with a statute, rule, officially stated agency position or prior agency practice. *See* ORS 656.298(6); ORS 183.482(8)(b)(B); *Mershon v. Oregonian Publishing,* 96 Or App 223, 226, 772 P2d 440, *rev den* 308 Or 315 (1989). In reaching the conclusion that the January 28 order was not a "litigation order," the Board relied on ORS 656.289, which requires a referee to make an order within 30 days after the conclusion of the hearing, ORS 656.289(1), and to send a copy of the order to the director and "all parties in interest," ORS 656.289(2), and sets the time from which to request review as the date when the order is mailed to all parties. ORS 656.289(3). The Board concluded that a referee's decision does not become a litigation order

---

[1] That rule has been renumbered as OAR 436-60-150(4), and subsection (e) provides for an automatic stay of the award if the insurer appeals. Neither party contends that the current version of the rule is applicable in this case.

[2] Even though the referee awarded a penalty and attorney fees both for delay in providing discovery and for unreasonable delay in paying TTD, claimant raises only the latter delay here.

until a notice has been sent to all parties, as required by that statute.

We affirm the Board's decision, because its interpretation of *former* OAR 436-60-150(3) is consistent with both the wording of the rule and ORS 656.289. *Mershon v. Oregonian Publishing, supra,* 96 Or App at 226. Contrary to claimant's argument, ORS 656.262(4) does not apply to this case. That subsection requires that the first installment of compensation be paid within 14 days after the employer has notice of the claim. It applies to payments of so-called interim compensation after a claim is first filed, not to when an employer must begin paying compensation after being ordered to do so by a referee.

Claimant does not identify any applicable statute with which the Board's interpretation of the rule is inconsistent. Although we might have made a different interpretation than the Board did, we may not substitute our judgment for that of the Board.

Affirmed.