In the Matter of the Compensation of
Adelbert P. Sheppard, Claimant.

Adelbert P. SHEPPARD,
*Petitioner,*

*v.*

KAISER CEMENT CORPORATION,
S.I.M.S., Riedel International,
Farmers Insurance and AIAC,
*Respondents.*

(WCB 85-01687, 85-01770, 85-01769; CA A70695)

834 P2d 500

Kevin Keaney, Portland, argued the cause for petitioner. With him on the brief were Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Joanne W. Mills, Portland, argued the cause for respondents Kaiser Cement Corporation and S.I.M.S. On the brief were Brian M. Perko, Karen O'Kasey and Schwabe, Williamson & Wyatt, Portland.

Jay W. Beattie, Portland, argued the cause for respondents Riedel International and AIAC. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

John L. Klor and Wallace & Klor, Portland, waived appearance for respondent Farmers Insurance.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's dismissal of his claim for failure to comply with a pre-hearing order requiring discovery. We affirm.

Claimant sought a hearing on employer's denial of a claim for hearing loss. After claimant filed his claim, his counsel wrote to his treating physician, Dr. Milligan. The letter, dated March 13, 1986, stated:

> "As you know, my firm represents Mr. Sheppard in his claim for workers' compensation benefits based on his hearing loss. By this letter, I am requesting that you not have any communication by telephone or by letter with any attorney representing any insurance company in regard to Mr. Sheppard's workers' compensation claim. Mr. Sheppard has a right to confidentiality with his physician and I am asking that you honor that. If you should be contacted by any representative with the insurance company, I would ask that you let me know."

After the letter was sent to Milligan, counsel for one of the insurers (AIAC) attempted to discuss claimant's condition with the doctor. After Milligan refused to discuss his treatment, the insurer obtained an order for discovery. The order provided:

> "Whereas the parties have requested a ruling on defendant's April 4, 1986 letter motion to allow it to speak with claimant's doctor, Now Therefore IT IS ORDERED:
>
> "1)  Defendant is allowed unrestricted access to claimant's doctor or doctors;
>
> "2)  If claimant does not comply within 90 days of the date of this order defendant may move for dismissal."

After receiving the discovery order, claimant's counsel had no further contact with Milligan. More precisely, claimant's counsel did not advise Milligan of the discovery order or in any other way attempt to rescind his letter asking Milligan to refuse access. Ninety-two days after the referee issued the discovery order, insurer's counsel again tried to speak with Milligan, without success. The insurer then moved to dismiss the request for hearing, because claimant had failed to comply with the order allowing discovery. The

referee allowed the motion to dismiss, and the Board affirmed.

At issue is whether the Board correctly applied the Board's own rule in finding that claimant's counsel "occasioned delay" without "good cause," in violation of OAR 438-06-085. In *Mershon v. Oregonian Publishing*, 96 Or App 223, 226, 772 P2d 440, *rev den* 308 Or 315 (1989), we accepted the Board's interpretation of OAR 438-06-085 that "a prehearing delay in discovery occasioned by a claimant's failure to comply with an order allowing discovery is a ground for dismissal for want of prosecution."

We must affirm the Board if we find that it reasonably concluded that claimant failed to comply with the discovery order by not instructing his physician to respond to inquiries from insurers' counsel. It is on this point that claimant urges us to distinguish *Mershon v. Oregonian Publishing, supra*. Claimant argues that, unlike in *Mershon*, he did absolutely nothing after receiving the referee's discovery order to hinder the efforts of the insurer to obtain information from Milligan. Indeed, this case *is* factually different from *Mershon*. Unlike this case, the claimant in *Mershon*, after receiving the discovery order, continued to insist that the claimant's attorney be present whenever representatives of the insurer met or talked with the treating physician.

In this case, the referee's order, which was adopted and supplemented by the Board, made this finding:

"(7) The claimant obstructed AIAC's right to speak *ex parte* with Dr. Milligan at, and before the time of the undersigned's original dismissal order dated August 11, 1986, (Ex. 7)."

The referee's order continued:

"The disputed order was directed to claimant who created the impasse by instructing the doctor not to communicate with defense counsel. This admonition to the doctor was never retracted. It should have been retracted by claimant's letter of equal status with claimant's original March 13, 1986 letter. Sending the doctor a copy of the April 29, 1986 order by the claimant may have solved the problem but that was not done. The claimant's own letter would have taken the burden off of the doctor whose job is to cure not advocate. A telephone call to the doctor would maybe, in his opinion, not

have protected him at all. There was a contractual relationship, a doctor-patient relationship, between claimant and the doctor. There was no legal relationship between the insurance carrier and the doctor. There was no duty upon the insurance carrier to provide the doctor with a copy of the order. Although the carrier tried, there was no duty to advise the doctor even by telephone of the existence of the order. That was claimant's duty.

"The order was directed to the claimant to allow unrestricted access to claimant's doctor. Unrestricted access could not be had until the March 13, 1986 letter was revoked, which never has been done. The claimant did not comply with the referee's April 29, 1986 order. The dismissal followed."

In its order on review, the Board said:

"Under the circumstances, we find that Dr. Milligan's continued unwillingness to speak to AIAC's counsel on July 30, 1986 was due to the March 13, 1986 letter, and was not a reflection of his personal desire not to have a conference with AIAC's counsel. We further find that, inasmuch as claimant's counsel had authored the March 13, 1986 letter denying access, it was incumbent upon claimant's counsel to advise Dr. Milligan that the March 13, 1986 letter was withdrawn, thereby leaving it as a matter of personal discretion on the part of Dr. Milligan whether or not to speak to AIAC's counsel.

"Inasmuch as claimant's counsel took no affirmative action to rectify the situation, we further find that the Referee's Order on Motion was not complied with within the 90 day period. Thus, we conclude that claimant's counsel's failure to take affirmative action to withdraw the March 13, 1986 letter occasioned a prehearing delay."

It is clear that the Board determined that the nonaction of claimant in failing to retract the March 13, 1986, letter to Milligan had the same effect as the type of obstruction addressed in *Mershon*. Notwithstanding the factual differences between *Mershon* and this case, we cannot say that the Board's application of OAR 438-06-085 is unreasonable or inconsistent with the language of the rule or its earlier interpretation. Therefore, we cannot say that the Board erred in affirming the dismissal order.

Affirmed.