Argued and submitted April 27, 1995, affirmed February 28, petition for review denied August 20, 1996 (324 Or 78)

DONN EDWARD SCHUCH,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A85111)

912 P2d 403

Eric M. Cumfer argued the cause for petitioner. On the briefs were Sally L. Avera, Public Defender for Oregon, and Andy Simrin, Deputy Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision establishing a twelve-month minimum term of supervision and declaring petitioner a "predatory sex offender" under former ORS 181.507.[1] We affirm.

In February 1988, petitioner was convicted of two counts of sodomy in the first degree and three counts of sexual abuse in the first degree for molesting his half-brothers, who were five and seven years of age at the time. Petitioner's sentence was suspended for those crimes, and he was placed on probation for five years. In July 1988, petitioner was convicted of sexual abuse in the first degree for molesting an eight-year-old boy who lived in his apartment complex. As a result of that conviction, his probation was revoked, and he was sentenced to incarceration for a period not to exceed ten years for his prior sodomy convictions and for a period not to exceed five years for his prior sexual abuse convictions. Petitioner was also sentenced to a period of incarceration not to exceed five years for his sexual abuse conviction involving the eight-year-old boy. All sentences were imposed concurrent to each other.

After an exit interview held on May 12, 1994, the Board affirmed petitioner's release date of October 22, 1994. In its written order, Board action form number seven, the Board imposed parole supervision to extend to the expiration of petitioner's sentence on his sodomy convictions. The Board also found that petitioner was a "sexual predator." After petitioner sought our review of the Board's order, the Board withdrew it "in regard to the length of supervision" and provided on reconsideration, in Board action form number 14, that petitioner's minimum period of supervision was to be 12 months.

The Board's order on reconsideration provided that "all other findings on [board action form number seven] are affirmed." The accompanying order to amend supervision conditions included a specific finding that petitioner was a

---

[1] In 1995, the statute was renumbered ORS 181.585.

"predatory sex offender" pursuant to former ORS 181.507.[2] That finding requires the agency supervising petitioner to notify "anyone whom the agency determines is appropriate that the person is a predatory sex offender." ORS 181.508(1) (1993). The agency must consider notifying

"residential neighbors and churches, community parks, schools, convenience stores, businesses and other places that children or other potential victims may frequent." ORS 181.508(2) (1993).

Petitioner filed an amended petition for review of Board action form 14 and the accompanying order to amend supervision conditions, challenging exclusively the Board's finding that he is a predatory sex offender. We review the Board's order pursuant to ORS 183.482(8), which provides, in part:

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

Petitioner first argues that the Board abused or failed to exercise its discretion when it found that petitioner is a predatory sex offender. We disagree. The Board had discretion to determine whether petitioner is a predatory sex

---

[2] ORS 181.507 (1993) provides, in part:

"For purposes of ORS 181.507 to 181.509, a person is a predatory sex offender if the person exhibits characteristics showing a tendency to victimize or injure others and has been convicted of a sex crime listed in ORS 181.517(1) to (4) (1991 edition) or of attempting to commit one of those crimes."

ORS 181.517 (1991) provides, in part:

"As used in ORS 181.518 and 181.519:

"* * * * *

"(2) 'Sex crime' means:

"* * * * *

"(b) Sodomy in any degree;

"* * * * *

"(d) Sexual abuse in any degree[.]"

offender under former ORS 181.507(1), and it did exercise its discretion. The record indicates that in making its finding, the Board relied on a Department of Corrections sex offender assessment, which gave petitioner a "high" risk level. There was nothing impermissible in its reliance on the sex offender assessment in determining whether petitioner is a predatory sex offender. ORS 181.507(2) (1993). The Board's determination that petitioner is a predatory sex offender was not outside the range of the discretion delegated to it by law. ORS 183.482(8); *Evensizer v. Board of Parole*, 301 Or 403, 723 P2d 318 (1986).

Petitioner next argues that the Board violated the Oregon Administrative Procedures Act (APA), ORS 183.310 *et seq*, and the Due Process Clause of the Fourteenth Amendment by not giving him notice and an opportunity to be heard on the Board's determination that he is a predatory sex offender. Petitioner's statutory and constitutional arguments are intertwined. Petitioner argues that he was entitled to prior notice of the Board's determination under ORS 183.413, which establishes the general notice requirements for contested case hearings.[3] He contends that a determination that he is a predatory sex offender entitles him to a contested case hearing under ORS 183.310(2)(a)(A),[4] because the Due Process Clause of the Fourteenth Amendment requires prior notice and a hearing on the issue. Petitioner asserts that the Board's actions were unconstitutional, because

> "[d]ue process is violated when an executive officer, without notice or hearing, assesses and attempts to enforce a criminal penalty."

■    Petitioner's due process argument fails. As framed by petitioner, the success of his argument depends on whether the act of labeling a parolee a predatory sex offender constitutes punishment. In *Williford v. Board of Parole*, 137

---

[3] Petitioner notes that ORS 181.315 does not exempt the Board of Parole and Post-Prison Supervision from ORS 181.413.

[4] ORS 181.310(2)(a)(A) provides, in part:

"(2)(a) 'Contested case' means a proceeding before an agency:

"(A) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard."

Or App 254, 904 P2d 1074 (1995), we concluded that it does not. Petitioner does not articulate any other reasons why such an act implicates his liberty interests. Because petitioner has failed to demonstrate that the Due Process Clause of the Fourteenth Amendment required the Board to grant a hearing before finding him to be a predatory sex offender, he is not entitled to a contested case hearing.

Finally, petitioner asserts that the Board violated numerous state and federal constitutional provisions by applying the Sexual Predator Act to petitioner. In light of our conclusion in *Williford* that labeling a parolee a predatory sex offender does not constitute punishment, those arguments lack merit and warrant no discussion.

Affirmed.