Argued and submitted February 28, reversed and remanded for reconsideration in part; otherwise affirmed October 11, 1995, petition for review denied February 13, 1996 (322 Or 613)

VERNON WILLIFORD,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A83435)

904 P2d 1074

James N. Varner, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board). In 1992, petitioner was convicted of attempted sodomy in the first degree and two counts of sexual abuse in the first degree for crimes committed in 1987. He was sentenced to eight years in prison on the sodomy conviction and three years on each of the sexual abuse convictions. Citing ORS 144.085 and OAR 255-93-000, the Board set an August 21, 1994, release date with a parole supervision term "until the expiration of the sentence" on August 20, 2005. Citing ORS 181.507, ORS 181.508 and ORS 181.509, the Board also held that petitioner was subject to recently enacted statutes concerning community notice of sex offenders.

■     Petitioner argues that the Board erred in imposing active supervision until the end of his indeterminate sentence. We agree. *Fernandez v. Board of Parole*, 137 Or App 247, 904 P2d 1071 (1995).

■     Petitioner also argues that the Board erred in applying community notification statutes to him. We review for violation of a constitutional or statutory provision. ORS 183.482(8)(b); *Calderon-Pacheco v. Board of Parole*, 309 Or 454, 457, 788 P2d 1001 (1990).

Enacted by the 1993 legislature, the community notification statutes provide for an assessment of an offender convicted of certain sexual offenses. If the offender is determined to be a "predatory sex offender," notification of the offender's parole can be given to specified persons and communities. Petitioner argues that application of the notification statutes to him constitutes a violation of his rights against *ex post facto* laws, because the statutes would impose additional punishment to which he was not subjected at the time of his 1987 offense. *See* US Const, Art I, § 9; Or Const, Art I, § 21.

■■     An *ex post facto* law is one that makes criminal an act that was lawful at the time it was committed, or a law that increases the punishment for a crime after the commission of the act for which punishment is imposed. *State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988). Not every change in law which has a deleterious effect on an individual constitutes an

*ex post facto* violation. In *State v. Burke*, 109 Or App 7, 11, 818 P2d 511, *rev den* 312 Or 589 (1992), for example, we held that the amendment to ORS 137.225, which eliminated expunction for the defendant's conviction for sexual abuse of a child, was not "punishment" within the meaning of the *ex post facto* clauses. The amendment did not relate to the length or nature of incarceration or constructive custody. Moreover, the purpose of the enactment was protective, not punitive: It allowed professions such as day-care centers to discover if they had been contacted by a job applicant who had been convicted of child abuse.

Petitioner does not explain why notification here constitutes additional punishment. The statutes are analogous to the amendment in *Burke* in that they are protective, not punitive. They do not relate to the length or nature of petitioner's incarceration or constructive custody, and they allow appropriate persons in the community to protect themselves or others from persons who have victimized or injured others. We conclude that any deleterious effect of the statutes does not constitute punishment within the meaning of the state or federal *ex post facto* clauses. The Board did not err in applying the notification provisions to petitioner.

Reversed and remanded for reconsideration of parole supervision term; otherwise affirmed.