Argued and submitted June 7, 1995, affirmed August 7, petition for review denied November 26, 1996 (324 Or 395)

## UMATILLA COUNTY,
a political subdivision of
the State of Oregon,
*Respondent,*

*v.*

## $18,005 IN U.S. CURRENCY,
*Defendant,*

*and*

## Cherri Ann HARRIS,
*Appellant.*

(CV 910436; CA A82611)

921 P2d 426

Jenny Cooke argued the cause and filed the briefs for appellant.

Mark W. Mordini argued the cause for respondent. On the brief was Robert E. Hill.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Umatilla County obtained a judgment pursuant to Oregon Laws 1989, chapter 791,[1] forfeiting $18,005 belonging to claimant Cherri Ann Harris. Claimant appeals that judgment, and we affirm.

Police officers discovered a marijuana-growing operation, methamphetamine, drug paraphernalia and $18,005 in cash at claimant's residence. Claimant admitted to the officers that "two thirds" of the cash represented proceeds from the sale of methamphetamine. Claimant was charged with manufacture of marijuana, delivery of methamphetamine, possession of methamphetamine and possession of less than one ounce of marijuana. After claimant pleaded guilty to manufacturing marijuana, a violation of ORS 475.992(1)(a), and possession of methamphetamine, the county filed an action seeking to forfeit to it the cash found in the residence.

Claimant filed a motion for summary judgment in the action in which she argued that forfeiture would violate her rights against double jeopardy. She argued that because she had already been punished under the criminal law for the conduct on which the forfeiture action was based, the forfeiture would constitute a second punishment in violation of Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. The trial court denied the motion.

The court thereafter held a hearing on the forfeiture. The court found that the county had established that the cash represented proceeds from the sale of controlled substances and that claimant's testimony to the contrary was not credible. The court entered a judgment forfeiting the cash. Claimant appeals and renews arguments that she made in her motion for summary judgment and at the forfeiture hearing.

---

[1] Oregon Laws 1989, chapter 791 (since amended by Oregon Laws 1993, chapter 699) has not been codified in the Oregon Revised Statutes. It appears as a note preceding ORS 166.005 and was set to be repealed on December 31, 1993. That date was extended by the legislature in 1993 to December 31, 1997. Or Laws 1993, ch 699, § 11.

■ Claimant argues that the forfeiture imposes a second punishment in violation of Article I, section 12, of the Oregon Constitution. However, claimant makes no argument in support of that contention that is separate from the argument she makes under the comparable provision of the federal constitution. Therefore, we do not address her state constitutional claim. We turn then to claimant's argument that the forfeiture violates the Fifth Amendment protection against double jeopardy.

■ Since claimant filed her appeal, the United States Supreme Court decided *United States v. Ursery*, 518 US ____ , 116 S Ct 2135, 135 L Ed 2d 549 (1996). In *Ursery*, the Court held that *in rem* civil forfeitures of the kind at issue here do not constitute punishment for purposes of the federal double jeopardy clause. The Court explained that the forfeiture of proceeds of illegal conduct serves a nonpunitive purpose of "assuring that persons do not profit from their illegal acts." 518 US at ____ . Under *Ursery*, claimant's argument that forfeiture following criminal prosecution constitutes double jeopardy under the federal constitution fails.

**3.** Claimant also argues that *in rem* civil forfeiture has characteristics that are sufficiently punitive to require the state to provide "the entire panoply of rights guaranteed a defendant in a criminal case." Claimant's argument under Oregon law that forfeiture requires the same protections given a criminal defendant is unpreserved. Thus, we do not address it. *See generally City of Lake Oswego v. $23,232.23 in Cash*, 140 Or App 520, 541, 916 P2d 865 (1996) (Armstrong, J., dissenting).

■ We turn then to claimant's argument that forfeiture is punishment under federal law such that it requires the protections guaranteed a criminal defendant under the Sixth Amendment. That argument is based on *Austin v. United States*, 509 US 602, 113 S Ct 2801, 125 L Ed 2d 488 (1993).

In *Austin*, the Supreme Court explained that the Eighth Amendment's purpose is to limit the government's power to punish. *Id.* at 609. The Court pointed out that punishment can be imposed in both civil and criminal proceedings. *Id.* at 610. It stated that the question presented in *Austin* was whether forfeiture was punishment, not whether

it was criminal or civil in nature. *Id.* The Court ultimately concluded that forfeiture could constitute punishment that is subject to the Excessive Fines Clause of the Eighth Amendment. *Id.* at 622.

Claimant contends that, if "forfeiture is punishment for purposes of the Eighth Amendment, it must also be punishment for purposes of the Sixth Amendment." The Court made clear, however, that it did not view forfeiture as criminal in nature, and stated that the protections afforded by the Sixth Amendment are "explicitly confined to 'criminal prosecutions.'" *Id.* at 608 (quoting *United States v. Ward*, 448 US 242, 248, 100 S Ct 2636, 65 L Ed 2d 742 (1980)). Additionally, in *Ursery*, the Court reaffirmed that its holding in *Austin* was limited to subjecting forfeitures to excessiveness review under the Eighth Amendment. *Ursery*, 518 US at ____ . That is because the Eighth Amendment applies to both criminal and civil proceedings. *Id.* The Sixth Amendment does not. Claimant raises other constitutional arguments on appeal, but the arguments are unpreserved. Based on the arguments made below, the court did not err by ordering the forfeiture.

Affirmed.