On petitioner's petition for reconsideration filed August 30, reconsideration allowed; opinion (143 Or App 7, 924 P2d 329) modified and adhered to as modified November 13, 1996, petition for review allowed February 18, 1997 (324 Or 654)

**BRUCE ERVIN GRESS,**
*Petitioner,*

*v.*

**BOARD OF PAROLE
AND POST-PRISON SUPERVISION,**
*Respondent.*

(CA A85110)

927 P2d 138

Eric M. Cumfer, Deputy Public Defender, for petition.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner has petitioned for reconsideration of our opinion in this case. *Gress v. Board of Parole*, 143 Or App 7, 924 P2d 329 (1996). We allow the petition to correct a factual error and adhere to our previous opinion as modified.

In our previous opinion, we held that the Board's designation of petitioner as a predatory sex offender did not, in itself, constitute punishment for purposes of the *ex post facto* clauses of the state and federal constitutions. Because there had been no decision on whether to notify others of petitioner's status or on the nature and extent of any notification, we held that his attacks on the notification provisions of the statute were not ripe. 143 Or App at 11-12.

Under the statute, the Board decides whether petitioner is a predatory sex offender. In our discussion, we stated that the Board would also decide on notification. That statement was incorrect. The agency that supervises a predatory sex offender makes the notification decision. ORS 181.586(1). At present, that agency is either the Department of Corrections or a corrections agency that the Department designates. ORS 144.104. We modify our previous opinion to reflect this correction.

Petitioner asks us to revisit our ripeness analysis in light of this correction, asserting that he will have no opportunity to challenge whatever notification the supervising agency determines to be appropriate. He points out that in *Artway v. Attorney General of State of N.J.*, 81 F3d 1235, *reh'g den* 83 F3d 594 (3rd Cir 1996), on which we relied, the Third Circuit emphasized New Jersey's requirement of a hearing before notification could occur in determining that the issue was not ripe.

Petitioner's argument does not address the essential reason that his challenge is not ripe: until the supervising agency decides whether to notify anyone and the extent of the notification, there is nothing for us to decide. We held that merely designating petitioner a predatory sex offender, together with the incidental requirements that accompanied

that designation, did not constitute punishment. To the extent that petitioner asks us to reconsider that decision, we decline. Thus, the only undecided issue is whether the notification procedures are punishment. We cannot decide that issue until the agency determines what those procedures will be. As we said in our previous opinion, "[n]otifying petitioner's victims of his county of residence * * * might well have a different character from posting flyers containing his name, picture and address on every power pole in his neighborhood." 143 Or App at 12. Correcting the identity of the supervising agency does not make that issue ripe for decision.

Petitioner's underlying concern appears to be that, if he cannot challenge the statutory notification procedures at this point, he will not be able to challenge the specific procedures that the supervising agency applies to him. That concern partly accounts for his emphasis on the New Jersey requirement of a prenotification hearing. Petitioner fails to note, however, that the New Jersey requirement is not part of Megan's Law but is the result of the New Jersey Supreme Court's determination that the state and federal constitutions require such a hearing. *Doe v. Poritz*, 142 NJ 1, 106-09, 662 A2d 367 (1995). Because petitioner's challenges are not ripe, we cannot in this case determine his right to a hearing on or the validity of the specific notification procedures that he may face. That does not prevent petitioner from raising those issues at an appropriate time in an appropriate forum when the issue is ripe.

Reconsideration allowed; previous opinion modified