Argued and submitted June 25, 1997, affirmed February 11, petition for review denied May 19, 1998 (327 Or 173)

RONALD DUANE FREY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A88960)

950 P2d 418

Walter J. Ledesma, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Sally L. Avera, Public Defender.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision. In that order, petitioner was designated a predatory sex offender (PSO) and ordered to undergo a mental health evaluation and to obtain sexual offender treatment and counseling. The period of post-prison supervision (PPS) was set at 210 months, a time period that, when added to his incarceration time, equaled the maximum term of the indefinite sentence for the offense for which petitioner was convicted.

Petitioner argues that he was entitled to a contested-case hearing before being labeled a PSO, that the Board exceeded its authority in setting a PPS period of 210 months and that the Board could not require him to enroll in a sexual offender treatment program as a condition of PPS. Petitioner further contends that the PSO designation imposed an additional punishment on him for the crime for which he was previously convicted and is therefore unconstitutional. Finally, petitioner argues that the PSO designation, and the notification procedures that accompany that designation, are unconstitutional invasions of his privacy. We affirm the Board's order.

We address only petitioner's second and fourth assignments of error. In his second assignment, petitioner argues that the PSO designation constitutes punishment, the imposition of which violates various constitutional guarantees. We addressed that precise argument and found it to be without merit in *Gress v. Board of Parole*, 143 Or App 7, 12-16, 924 P2d 329, *adhered to as modified* 144 Or App 375, 927 P2d 138 (1996), *rev dismissed* 326 Or 68 (1997), *vacated and dismissed* 152 Or App 491, 950 P2d 418 (1998). We vacated our decision in *Gress* because we concluded that the issues that we had decided were not properly before us. 152 Or App at 493. We now readopt and reaffirm our reasoning in *Gress* and, therefore, reject petitioner's second assignment of error.

In his fourth assignment, petitioner contends that the Board exceeded its authority in setting a 210-month PPS period. We conclude that we lack jurisdiction to address that issue. The Board set the 210-month PPS period as part of

petitioner's original PPS order, effective November 16, 1994. Petitioner did not seek review of that order. The order from which petitioner sought review, dated December 30, 1994, merely continued the period previously imposed. Because the order on review did not change the PPS period, petitioner was not aggrieved or adversely affected by that provision of it. *See Scott v. Board of Parole*, 117 Or App 170, 171, 843 P2d 959 (1992), *rev den* 315 Or 643 (1993). With regard to petitioner's remaining assignments of error, the issues that they raise are raised for the first time on review, and any errors that they present are not apparent on the face of the record. Hence, we do not reach them. *See Troiano v. Board of Parole*, 144 Or App 325, 326, 925 P2d 167 (1996), *rev den* 324 Or 560 (1997).

Affirmed.